**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna C. Sanchez,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-03444-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Joanna C. Sanchez's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, "Pl.'s Br."), Defendant SSA Commissioner's Opposition and Motion to Remand (Doc. 21, "Def.'s Br. & Mot."), and Plaintiff's Reply (Doc. 26, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 14, R.) and now reverses the Administrative Law Judge's decision (R. at 14-31) as upheld by the Appeals Council (R. at 1-3).

**I.     BACKGROUND**

Plaintiff filed Applications for Disability Insurance Benefits and Supplemental Security Income on July 25, 2012 (R. at 14, 188-203) for a period of disability beginning August 30, 2009. Plaintiff's claim was denied initially on April 23, 2013 (R. at 123-29), and on reconsideration on October 8, 2013 (R. at 89-90). Plaintiff then testified at a

hearing held before an Administrative Law Judge ("ALJ") on December 9, 2014. (R. at 39-66.) On March 23, 2015, the ALJ denied Plaintiff's Applications. (R. at 14-31.) On August 11, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-3.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety, and the pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of obesity, hypertension, carpal tunnel syndrome, congestive heart failure, asthma, sleep apnea, patellofemoral disorder of the right knee, and spondylosis. (R. at 17.) The ALJ concluded Plaintiff has the RFC to perform her past relevant work as a cashier or assistant manager, such that Plaintiff is not disabled under the Act. (R. at 20-31.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in finding Plaintiff's testimony less than fully credible; and (2) the ALJ erred in weighing the assessments of Plaintiff's treating physicians. (Pl.'s Br. at 14-25.) In its responsive brief, Defendant agrees that the ALJ erred in both respects, but moves the Court to remand this matter so that the SSA may take additional medical evidence. (Def.'s Br. & Mot. at 3-4.) In reply, Plaintiff argues that remand for a computation of benefits is appropriate here, because the record has been fully developed and, when crediting the improperly discredited evidence as true, no serious doubt as to Plaintiff's disability remains. (Reply at 1-2.)

The "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further evidentiary proceedings, applies when three elements are present. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

As Defendant concedes, the ALJ erred in not accepting Plaintiff's symptom testimony and taking it into account in formulating Plaintiff's RFC. (Def.'s Br. & Mot. at 3.) The Court disagrees with Defendant that outstanding issues remain to be resolved in this respect. Indeed, the Vocational Expert testimony shows that proper consideration of Plaintiff's reported functional limitations would have resulted in a finding of disability. This, by itself, is reversible error; the Court agrees with Plaintiff (Reply at 3-6) that, in this instance, the ALJ's failure to provide a specific, clear and convincing reason to discredit Plaintiff's testimony is sufficient to warrant a reversal of the ALJ's determination that Plaintiff is not disabled under the Act. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007) ("Further proceedings are unnecessary because the ALJ did not provide a legally sufficient reason for rejecting [Plaintiff's] testimony, which *alone* establishes that [Plaintiff] is entitled to benefits.")

Defendant also concedes that the ALJ erred in weighing the medical records and evaluations of two of Plaintiff's treating physicians, Dr. Doust and Dr. Woellner. (Def.'s Br. & Mot. at 3.) Defendant argues that remand to the SSA to elicit additional medical testimony is the appropriate remedy because the medical record contains "evidentiary

conflicts" that must be resolved. But Defendant fails to point to any actual conflict in the records of Plaintiff's treating physicians, and the Court finds none. For example, Dr. Woellner's conclusions—based on his extensive treatment records—that Plaintiff is "totally unable to work" because she cannot sit or stand for long periods and has significant exertional limitations is not inconsistent with Dr. Droust's conclusions—based on his treatment records—that Plaintiff's functional capacity is sub-sedentary. (*See* Def.'s Br. & Mot. at 4-5.) Defendant also contends that the records of Plaintiff's treating physicians "vastly conflict" with the opinions of the non-examining state agency physicians. The Court cannot find the opinions of the non-examining state agency physicians in this matter, standing alone, to be substantial evidence sufficient to contradict the treating physicians' opinions. The medical opinions of Plaintiff's treating physicians are consistent in all material respects, and thus the ALJ was required to provide clear and convincing reasons to reject them, which Defendant concedes she failed to do.

In sum, the credit-as-true rule applies in this case. The ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony as well as the opinions of treating physicians. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, including Plaintiff's testimony as to her physical limitations—which the Court credits as a matter of law—the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison v. Colvin*, 759 F.3d 995, 1022-23 (9th Cir. 2014); *Lingenfelter*, 504 F.3d at 1040-41 & n.12.

**IV. CONCLUSION**

Plaintiff raises materially harmful error on the part of the ALJ, which Defendant concedes. For the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's Applications for Disability Insurance Benefits and Supplemental Security Income under the Act and remand for a calculation of benefits.

IT IS THEREFORE ORDERED reversing the March 23, 2015 decision of the Administrative Law Judge, (R. at 12-24), as upheld by the Appeals Council on August 11, 2016, (R. at 1-3).

IT IS FURTHER ORDERED remanding this case to the Social Security Administration for a calculation of benefits.

IT IS FURTHER ORDERED granting in part and denying in part Defendant's Motion to Remand (Doc. 21), as set forth above.

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 7th day of May, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge